## COUNTY OF PROVIDENCE, MARCH TERM, 1865, AT PROVIDENCE.

PRESENT:

Hon. SAMUEL AMES, CHIEF JUSTICE.
Hon. GEORGE A. BRAYTON,
Hon. THOMAS DURFEE, } JUSTICES.

---

STATE (FENNER, Complainant) *v.* GEORGE R. LUTHER.

In a trial for larceny, under the provisions of the first clause of section 20 of chapter 214 of the Revised Statutes, it is for the jury to determine, upon all the evidence, whether the defendant honestly, in good faith, believed the property in question was his own.

It is not to be supposed that the Legislature intended that a person should be convicted and punished, as for a larceny, for taking property openly, under a claim of right, though the fact be that no qualifying word, such as "maliciously" or "wantonly," is found in the act by which a simple trespass at common law is prospectively made an indictable offence.

THIS was a complaint and warrant, carried by appeal from a Justice of the Peace to the Court of Common Pleas, and brought

to the consideration of this Court, by exceptions to the instructions of the Common Pleas Judge, in his charge to the jury.

The complaint was grounded on section 20 of chapter 214 of the Revised Statutes, p. 537 :—" Every person who shall be convicted of taking and carrying away, without the consent of the owner thereof, any corn, grain, fruit or growing vegetables, out of any field, garden or orchard," &c., &c., shall be imprisoned or fined within certain limits.

The material facts in proof before the jury were these : In the latter part of 1862, or the early part of 1863, Fenner leased his farm to Gardner, who, on the first of April, 1863, took possession of the same; that on the thirteenth of April, 1864, Fenner obtained a judgment against Gardner, in a special court suit for possession of the premises, in which he declared upon a contract of occupancy, terminating on the first of April, 1864; that after the rendition of this judgment, other matters in dispute between the parties, as well as a claim of Gardner against Fenner for an apprehended or supposed loss of crops, were referred to an arbitrator, whose award was complied with, whereupon Fenner, under and in virtue of his execution upon the judgment aforesaid ejected Gardner from the premises on the tenth of June, 1864; that between the first of April and the tenth of June, and also, after the tenth of June, Gardner, without the consent of Fenner, planted and caused to be planted, upon the farm, corn, potatoes and other vegetables, and hoed, tended and cultivated the same, openly, but against repeated protests on the part of Fenner, until the same were removed by him (Gardner); that on the last day of June, 1864, Fenner, in a written communication, offered to let Gardner have the said crops, when Gardner should pay him such sum for mesne profits and other claims, as might be awarded him by three arbitrators; that the arbitrators selected, though they held several sessions, never came to any agreement, and no sum of money was ever paid or proffered by Gardner to Fenner, on account of said mesne profits or claims; and that, at the maturity of said crops, said Gardner, openly and under a claim of right, but against the continued protest of Fenner, removed or caused to be gathered the said crops by him

planted, and also apples from trees on said farm, not by him planted or reared.

Upon this state of facts, the defendant's counsel requested the Court to instruct the jury as follows :—

1. That if they believed, from the testimony, that the title to, or the property in, the vegetables in question, was a matter of dispute between the complainant and defendant, and that the defendant took said vegetables openly and with a claim of right, then the jury should find a verdict of not guilty.

2. If the jury believe, from the evidence, that complainant and defendant had submitted their respective rights to arbitrators, or that defendant believed, or had reason to believe, that their respective rights had been so submitted, and influenced by such belief, took the vegetables, then the jury should find a verdict of not guilty.

3. In this, as in other criminal causes, unless the jury believe, from the evidence, that the defendant intended to commit a crime, as set forth, the verdict should be not guilty.

4. If the jury, from the evidence, believe that the defendant took the vegetables, believing them to be his own, and that he had a right to take them, then the verdict should be not guilty.

The Court refused thus to instruct the jury, but did charge in substance, and instruct them, that if, at the time of the taking of the growing fruit and vegetables mentioned, the property of the same was in the complainant, that then, although the respondent believed them to be his property, and took them openly, and under a claim of right, unless he showed he had justifiable ground for such belief and such claim, it was no defence to this complaint.

*Miner and Gerald, for defendant, in support of the exceptions :—*

The Judge below erred in refusing to instruct the jury substantially as requested, inasmuch as the four propositions are a series of sound legal principles, applicable to the case at bar. He erred, also, in instructing them in the manner and to the effect shown by the record. He misinterpreted the statute, the intent of which was to make the taking of growing fruit and vegetables, with a felonious intent, a larceny—an act which,

under the common law, was simply trespass. The words " maliciously " and " wantonly," which qualify other clauses of the statute, but which are not found in the clause under consideration, were doubtless omitted through inadvertence. By the common law, a criminal intent is necessary to render any act criminal. The common law is not to be repealed by implication, but only by express enactment. Surely the legislature could not have intended to change what had theretofore been a simple trespass into a criminal offence, when a party honestly believed he was taking his own property. Statutes which change the common law are to be construed strictly. Have the legislature the *power*, if they have the *will*, to create by statute a crime, which lacks the requisite of all crime, to wit, a criminal intent?

*James Tillinghast, for complainant, contra:—*

I. The defendant's acts throughout were unlawful, as he must have known. This is manifest from the recital of the facts in the record. Hence the defendant's mere belief that he was exercising his right, supposing, against all probability, that he could honestly have had such a belief, is no justification. Says Lord Mansfield, in *Rex* v. *Woodfall*, 5 Bur. 2,667, " Where the act is in itself unlawful, the proof of justification or excuse lies on the defendant, and *on failure* thereof, the law implies a criminal intent."

II. This is particularly so under the statute (Rev. Stat. ch. 214, § 20, p. 537) which, in its first clause, under which this complaint is brought, purposely omits the words *maliciously* or *wantonly*, used in other clauses, defining other offences, and makes the act here complained of criminal, if done " without the consent of the owner."

BRAYTON, J. It is true, that in the clause of the statute relied upon, neither the word " maliciously " nor the word " wantonly " is employed to characterize the offence, as in other clauses of the same act. Still, we cannot hold that the legislature intended that a person should be convicted and punished, as for a larceny, for taking property openly, under a fair claim of right. We think it should have been left to the jury to

determine, upon the evidence, whether the defendant honestly, in good faith, believed the property in question was his own. The charge of the court, as we interpret it, was not of this character.

The defendant's exceptions are sustained, and a new trial is ordered in the Court of Common Pleas.